IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JESSIE WILLIAMS,

                                                                                                                ORDER

                          Plaintiff,

                                                                                                             11-cv-208-bbc

       v.

RAIP,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action for monetary relief, plaintiff Jessie Williams contends that defendant Dr. Raip refused to prescribe plaintiff medication necessary to treat his mental health conditions. Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915. In a previous order, I concluded that plaintiff is unable to prepay even a partial payment of the fee for filing this lawsuit.

      Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the

1

complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  After reviewing the complaint, I conclude that it must be dismissed without prejudice because it violates Fed. R. Civ. P. 8.  I will give plaintiff an opportunity to submit an amended complaint that provides more information to support his claim.

In his complaint, plaintiff alleges the following facts.

## ALLEGATIONS OF FACT

Plaintiff Jessie Williams is an inmate at the Waupun Correctional Institution. Defendant Raip is a doctor at the prison.  Defendant denied plaintiff a certain medication that plaintiff believes he needs.  After plaintiff stopped taking the medication, he was placed in observation and began cutting himself, talking to himself and staying awake all night.

## DISCUSSION

I understand plaintiff to be raising a claim under the Eighth Amendment against defendant Raip.  Unfortunately, I cannot determine whether plaintiff has stated a claim on which relief may be granted against defendant because he has not provided enough information about the treatment he has received from defendant. Thus, plaintiff's complaint violates Fed. R. Civ. P. 8, which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  The primary purpose

2

of this rule is rooted in fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Services., Inc., 20 F.3d 771, 775 (7th Cir. 1994).

To state an Eighth Amendment medical care claim, a prisoner must allege facts from which it can be inferred that he had a "serious medical need" and that prison officials were "deliberately indifferent" to this need. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).

A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering when treatment is withheld, Gutierrez, 111 F.3d at 1371-73, "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), causes pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996) or otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825, 847 (1994).

"Deliberate indifference" means that the officials were aware that the prisoner needed medical treatment, but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

Thus, under this standard, plaintiff's claim has three elements:

(1) Did plaintiff need medical treatment?

3

(2) Did defendant know that plaintiff needed treatment?

(3) Despite defendant's awareness of the need, did defendant fail to take reasonable measures to provide the necessary treatment?

Plaintiff allegations suggest that he suffers from serious mental health issues that require treatment. In addition, I can infer that defendant was aware of plaintiff's medical condition and need for treatment.

However, plaintiff has not pleaded enough facts from which it can be inferred that defendant was deliberately indifferent to plaintiff's medical need. Plaintiff alleges only that he asked for a specific medication and that defendant refused to prescribe it. A medical professional cannot be held liable for a constitutional violation merely because he or she refuses to provide the specific treatment that a prisoner demands. On the other hand, it is not clear whether defendant provided any treatment at all to plaintiff. Thus, plaintiff needs to supply more information about his interaction with defendant, including his symptoms at the time, and whether defendant offered any alternative treatment to plaintiff.

Plaintiff may have until April 18, 2011, in which to file an amended complaint that complies with Fed. R. Civ. P. 8 and provides information necessary to support his claim against defendant.

4

ORDER

IT IS ORDERED that plaintiff Jessie Williams's complaint is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8.  Plaintiff may have until April 18, 2011 to file an amended complaint that complies with Rule 8.  If plaintiff does not file an amended complaint by that date, the clerk of court is directed to close the case.

Entered this 5th day of April, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge