IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JESSIE WILLIAMS,

                                                                                     ORDER

                    Plaintiff,

                                                                                  11-cv-208-bbc

        v.

RAIP,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary relief, plaintiff Jessie Williams contends that defendant Dr. Raip refused to prescribe plaintiff medication necessary to treat his mental health conditions. Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915. In an order dated April 5, 2011, I dismissed plaintiff's complaint without prejudice because it violated Fed. R. Civ. P. 8. I gave plaintiff an opportunity to file an amended complaint that provided more information about the medical treatment he received from defendant.

Now before the court is plaintiff's proposed amended complaint, dkt. #8. After reviewing the amendment complaint, I conclude that it must be dismissed without prejudice because it violates Rule 8. I will give plaintiff one final opportunity to submit an amended

1

complaint that provides more information to support his claim.

Also, because it is not clear whether plaintiff will proceed with any claims in this action, I will deny his motion for appointment of counsel, dkt. #6, at this time. Finally, plaintiff has filed a motion for leave to proceed in forma pauperis, dkt. #9. In a previous order, I concluded that plaintiff could proceed without prepayment of the filing fee, dkt. #4. Thus, plaintiff's new motion is unnecessary.

DISCUSSION

In his original complaint, plaintiff alleged that defendant, a doctor at the Waupun Correctional Institution where plaintiff is incarcerated, denied plaintiff a certain medication that plaintiff believes he needs. Plaintiff alleged that after he stopped taking the medication, he was placed in observation and began cutting himself, talking to himself and staying awake all night.

I understood plaintiff to be raising a claim under the Eighth Amendment against defendant Raip for defendant's failure to provide him adequate medical treatment. However, the allegations in plaintiff's complaint were insufficient to state an Eighth Amendment claim against defendant because they did not provide enough information about the treatment plaintiff received from defendant. Although plaintiff's allegations suggested that he suffers from serious mental health issues that require treatment and that defendant was aware of

plaintiff's mental health issues, plaintiff did not plead enough facts from which it could be inferred that defendant was deliberately indifferent to plaintiff's medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976) (To state Eighth Amendment medical care claim, prisoner must allege facts from which it can be inferred that he had "serious medical need" and that prison officials were "deliberately indifferent" to need); see also Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).

In his original complaint plaintiff, alleged only that he asked for a specific medication and that defendant refused to prescribe it. As I explained previously, a medical professional cannot be held liable for a constitutional violation merely because he or she refuses to provide the specific treatment that a prisoner demands. On the other hand, it was not clear from plaintiff's allegations whether defendant provided any treatment at all to plaintiff. Thus, I directed plaintiff to file an amended complaint with more information about his interactions with defendant, including whether defendant offered any medical care at all to plaintiff.

Unfortunately, plaintiff has not provided any new information in his amended complaint. He says only that defendant took him off medication that helped relieve his psychological symptoms and that defendant refuses to put him back on the medication. These are the same allegations that I found to be insufficient in plaintiff's original complaint. A plaintiff cannot state a claim for deliberate indifference against a doctor by alleging only

3

that the doctor refuses to prescribe the specific medication that the plaintiff wants.

Plaintiff may have one final opportunity to file a complaint that complies with Fed. R. Civ. P. 8 and provides information necessary to support his claim against defendant. In his second amended complaint, plaintiff should explain why he believes that defendant "fail[ed] to take reasonable measures" to provide treatment to plaintiff. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). Specifically, plaintiff should describe any interactions he had with defendant, what plaintiff told defendant about his symptoms and whether defendant offered any treatment at all to plaintiff. If plaintiff believes that the only reasonable measure defendant could have taken to treat plaintiff's medical needs was to provide a specific medication, plaintiff should explain why he believes that and why he believes that defendant would have or should have known that the specific medication was necessary. If plaintiff does not file an amended complaint that complies with Rule 8 by May 12, 2011, I will dismiss this case for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that

1. Plaintiff Jessie Williams's complaint is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until May 12, 2011 to file an amended complaint that complies with Rule 8. If plaintiff does not file an

4

amended complaint by that date, the clerk of court is directed to close the case.

2. Plaintiff's motion for appointment of counsel, dkt. #6, is DENIED without prejudice.

3. Plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. #9, is DENIED as unnecessary.

Entered this 3d day of May, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5